*In re* MARRIAGE OF VIVIAN VISIONE, Petitioner-Appellant, and DOMINIC VISIONE, Respondent-Appellee.

Third District    No. 80-301

Opinion filed March 11, 1981.

C. Stephen Marsh, of Peter F. Ferracuti & Associates, of Ottawa, for appellant.

Anthony C. Raccuglia, of Peru, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County denying petitioner, Vivian Visione's, petition for dissolution of her marriage to respondent, Dominic Visione. Petitioner filed this action on April 27, 1979. The petition alleged that, without cause or provocation by petitioner, the respondent had been guilty of extreme and repeated mental cruelty toward her. The respondent filed his response, denying that he had been guilty of mental cruelty. On August 24, 1979, a hearing was held at which the petitioner testified in support of her grounds for the dissolution. At the conclusion of the petitioner's case the respondent moved for judgment, which motion was taken under advisement. On December 5, 1979, the court having denied the motion for judgment, the respondent gave his testimony. At the close of the respondent's case, the court entered judgment dismissing the petition for dissolution of marriage. Petitioner's motion to vacate the trial court's order was denied on May 12, 1980, and this appeal was taken.

On appeal, the sole issue is whether or not the trial court's judgment was against the manifest weight of the evidence. We affirm.

■■ Section 401(2) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401(2)) provides that the court shall enter a judgment of dissolution of marriage if the court finds that, without cause or provocation by the petitioner, the respondent has been guilty of extreme and repeated mental cruelty. Mental cruelty is a course of unprovoked, offensive conduct toward one's spouse which causes embarrassment, humiliation and anguish so as to render the spouse's life miserable and unendurable, and which actually affects the spouse's physical or mental health. *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 387 N.E.2d 1254.

At trial, petitioner testified that respondent refused for a substantial period of time to have sexual relations with her and refused to help her discipline the children. Respondent, in his testimony, denied that he refused for a substantial period of time to have sexual relations with her. He admitted that, at times, he had refused, but testified that, at other times, the parties did have sexual relations. He also denied that he refused to discipline the children, testifying that he did in fact discipline them.

■■ Petitioner contends the evidence she presented was sufficient to establish extreme and repeated mental cruelty and that her petition should be granted as a matter of law. However, respondent presented

evidence contradicting petitioner's. Evaluating contradicting evidence is the function of the trial court. Its findings should not be disturbed unless they are contrary to the manifest weight of the evidence. We believe the respondent presented sufficient evidence to support the trial court's finding.

Petitioner relies on *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284, and *McGowan v. McGowan* (1973), 15 Ill. App. 3d 913, 305 N.E.2d 261, to support her contention that her evidence was sufficient to establish mental cruelty as a matter of law. This reliance is misplaced. In both cases the petitioner presented evidence similar to the evidence presented in the instant case while the respondent presented contradictory evidence. In both cases the trial court found there was mental cruelty and, on appeal, the holdings were affirmed. However, the appellate court did not find there was mental cruelty as a matter of law in either case. The court found simply that the trial court's finding was not against the manifest weight of the evidence in both cases. ·

In the instant case, there was conflicting evidence. The court found in favor of the respondent, and we cannot say this finding was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.