(No. 61925.—

*In re* MARRIAGE OF SAM P. CANNON, Appellee, and
MARLENE CANNON, Appellant.

*Opinion filed June 6, 1986.*

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of
Champaign, for appellant.

Robert I. Auler, of Auler Law Offices, P.C., of

Urbana, and Benjamin E. Haglund, law student, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Marlene Cannon, appealed from the order of the circuit court of Champaign County awarding maintenance and making a property division pursuant to the dissolution of her marriage to petitioner, Sam P. Cannon. Petitioner cross-appealed, contending that the award of maintenance was excessive and "open ended" and that the property division was improper. A divided appellate court dismissed the appeals (132 Ill. App. 3d 821), and we allowed respondent's petition for leave to appeal (103 Ill. 2d R. 315).

On December 6, 1983, the circuit court entered an order dissolving the marriage of the parties. Petitioner was ordered to pay certain expenses and temporary maintenance. The order provided that "all other matters arising out of the marriage *** save and except for the dissolution of the marriage itself are hereby reserved."

On July 5, 1984, after two hearings, the circuit court entered an order in which it discussed the evidence concerning the income, expenses, property and social status of the parties and ordered a division of the marital property. The order contained specific findings concerning the disposition of the property, and the court stated its reasons for the ruling on the individual items involved. The maintenance provision of the order states:

"Sam [petitioner] is hereby ordered to pay to Marlene [respondent] as maintenance the sum of $2,500.00 monthly, commencing forthwith. In addition, Sam is ordered to provide for Marlene, and pay for, the health insurance policy which he testified would cost $120.00 per month. The Court orders this for a period of two years from the date of this order. The Court intends that this

be reviewable no later than the expiration of two years and sooner if the circumstances of the parties change significantly."

Respondent appealed from the portion of the order which concerned the property division. Petitioner's cross-appeal is from the maintenance order. In dismissing both appeals, the appellate court held that the above-quoted order was not final and appealable because the circuit court retained jurisdiction to review the order within two years. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114; *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546.) The court also found the order was not in compliance with the requirements of section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 510(a)), in that it provided for a review and modification of the award in two years, notwithstanding the absence of any substantial change in the parties' circumstances.

Presented here is the question whether the circuit court's order, which ordered the payment each month of maintenance in a fixed amount but, because of circumstances shown by the evidence, reserved review of the decision for two years or less after the order was entered, was final and appealable. Citing *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, respondent contends that because the court had ruled on all matters pertaining to the parties' dissolution which it could reasonably decide, the judgment is in all respects final. She argues further that the circuit court intended to make its decision *res judicata* and to allow modification of the maintenance award only if, as required by section 510(a) of the Act, there was a material change of circumstances. (Ill. Rev. Stat. 1985, ch. 40, par. 510(a).) Respondent argues that if the appellate court's decision is permitted to stand, orders relating to dissolution proceedings will be appealable only if every matter pertaining to the dissolu-

tion is conclusively decided with no chance for subsequent modification without a full appeal. She points out that the affirmance of the appellate court would, for two years, preclude any review of the contentions that the amount of maintenance ordered was excessive or inadequate. Petitioner will be ordered to pay maintenance for possibly two years with no chance of appeal. She argues, too, that affirmance of the appellate court's decision will discourage trial judges in dissolution proceedings from setting forth in their opinions any concerns they might have for the future and changes in the parties' conditions; these judges will be forced to "predict the future without any common sense adjustment," and make every one of their decisions a final judgment with no chance for modification.

In *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, upon which the appellate court relied, the court said:

> "A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. [Citation.] They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim. \*\*\* Practically speaking, then, until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated. [Citation.]" (96 Ill. 2d 114, 119.)

Although the preceding language appears to support the appellate court's decision, the facts of *Leopando* are distinguishable. In *Leopando*, the circuit court entered a permanent custody order concerning the parties' minor child but reserved for future consideration the issues of maintenance, property division, and attorney fees. This court concluded that the custody order was not final and appealable because all of the other matters, which were ancillary to the dissolution, had not yet been resolved.

Here, however, the circuit court made a decision as to each of these ancillary issues and specific rulings regarding property division, attorney fees, and maintenance. Finding that, because of the presence of other factors, the expenses of separate households would severely tax the assets and income out of which they must be maintained, the court set the amount of maintenance to be paid, but provided for review. We conclude that the inclusion in the order of the provision for review does not render the order unappealable.

"A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *Relph v. Board of Education* (1981), 84 Ill. 2d 436, 441." (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171.) " 'A decree is final if *** the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the decree.' " (*In re Custody of Purdy* (1986), 112 Ill. 2d 1, 5, quoting *Barnhart v. Barnhart* (1953), 415 Ill. 303, 309.) The judgment here was enforceable immediately because, even if later modified, the modification could affect only payments accruing subsequent to the filing of the motion to modify. (Ill. Rev. Stat. 1983, ch. 40, par. 510(a).) The order was enforceable without further action and was, therefore, final and appealable.

The parties have suggested that in the event of reversal of the appellate court's decision we decide the case on its merits. We decline to do so. This case should be reviewed by the appellate court.

For the reasons stated, the judgment of the appellate court is reversed and the cause is remanded to that court to decide the issues presented by the appeal.

*Reversed and remanded.*