*In re* MARRIAGE OF HAZEL LOUISE LAWRENCE, Petitioner and Counterrespondent-Appellant, and MERLE WILLIAM LAWRENCE, SR., Respondent and Counterpetitioner-Appellee.

Third District   No. 3—85—0066

Opinion filed August 8, 1986.

Elliott B. Young, of Brownsville, Texas, for appellant.

Michael A. Fleming, of Cusack & Fleming, P.C., of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This matter was initiated in the circuit court of Peoria County in 1979 when Hazel Lawrence filed a petition for separation from her husband, Merle. Merle eventually responded in 1981 with a counterpetition

for dissolution of the parties' marriage, alleging as grounds constructive desertion and mental cruelty (Ill. Rev. Stat. 1979, ch. 40, par. 401(2)). On June 7, 1982, the court granted Merle's counterpetition and dismissed Hazel's petition as moot. Hazel's first attempt to appeal to this court resulted in a dismissal for failure to comply with supreme court rules in November of 1982. Meanwhile, the matter proceeded to a hearing on issues of property, maintenance and attorney fees. A memorandum decision was issued by the court in October of 1984, and requested the parties' attorneys to submit a proposed order. Ultimately, on January 2, 1985, the court entered a supplemental judgment drafted by counsel for Merle dividing the various items of personal property; ordering the sale of the marital residence and a 55-45 split of the proceeds of such sale favoring Hazel; awarding 33% of Merle's civil service pension to Hazel and $800 per month in temporary maintenance, the latter to be reviewed in three years, and awarding Merle's military pension to Merle; and ordering that each party pay his or her own attorney fees. Hazel filed a notice of appeal from both the judgment of dissolution and the supplemental judgment on January 31, 1985.

The record on appeal was duly certified and filed in this court on June 27, 1985. According to our records, the parties filed their appellant and appellee briefs timely on May 9 and June 13, respectively. On June 26, Hazel filed a reply brief and a motion to supplement the record with 17 pages of material allegedly omitted from the common law record. The reply brief contains reference to the proposed supplemental record. Merle objected to Hazel's motion to supplement and further moved to strike the reply brief. The parties' motions were taken with the case.

■ Before considering the merits of either the parties' motions or their substantive arguments on appeal, we address the appealability of the judgments entered by the trial court. It is our duty to determine whether appellate jurisdiction has been properly invoked even though the parties have not raised the issue for our consideration. *Trizzino v. Kline Brothers Co.* (1982), 106 Ill. App. 3d 230, 435 N.E.2d 958.

In the recent case of *In re Marriage of Cannon* (1985), 132 Ill. App. 3d 821, 477 N.E.2d 716, the trial court entered an order substantially similar to the supplemental judgment from which the instant appeal is taken. There, the husband was ordered to pay $2,500 monthly in maintenance and to provide a health insurance policy for the wife. The order then provided, "The Court orders this for a period of two years from the date of this order. The court intends that this be reviewable no later than the expiration of 2 years and sooner if the circumstances of the parties change significantly." The appellate court dismissed the

parties' appeal and cross-appeal, the majority opinion holding that the trial court's order was not final under the rule of *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137. *In re Marriage of Cannon* (1985), 132 Ill. App. 3d 821, 822-23, 477 N.E.2d 716, 717-18.

The appellate decision was reversed on review by the supreme court. (*In re Marriage of Cannon* (1986), 112 Ill. 2d 552.) The supreme court distinguished *Leopando* and its progeny on grounds that ancillary issues, such as maintenance, property division and attorney fees were there left unresolved by the trial court. In *Cannon* the matter of maintenance had been determined, even though the court had reserved jurisdiction for a subsequent review. In finding the cause in *Cannon* appealable, the supreme court reasoned: "The judgment here was enforceable immediately because, even if later modified, the modification could affect only payments accruing subsequent to the filing of the motion to modify. (Ill. Rev. Stat. 1983, ch. 40, par. 510(a).) The order was enforceable without further action and was, therefore, final and appealable." *In re Marriage of Cannon* (1986), 112 Ill. 2d 552, 556.

■ In the case presently before us, unlike *Cannon,* the trial court characterized the award of maintenance as "temporary." In all other respects, the order entered here is analogous to that entered in the *Cannon* case. In our opinion, the maintenance award here is no less permanent and enforceable than that considered by the court in *Cannon.* In this case, the award was reviewable in three years. The public-policy considerations expressed by the appellant in *Cannon* in urging that the two-year maintenance award there was appealable apply with equal force here. We see no justification for precluding appellate review of the excessiveness or inadequacy of an award of maintenance for a three-year period solely ont he technical ground that the trial court characterized the award as "temporary" instead of permanent. Accordingly, we deem the trial court's maintenance award to be "final," but subject to the trial court's later review. We proceed on that basis to address the issues raised by the parties to this appeal.

■ We must first, however, dispose of Hazel's motion to supplement the record and Merle's objection thereto. The proper procedure for correcting or amending a record on appeal is set forth in Supreme Court Rule 329 (87 Ill. 2d R. 329):

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge

thereof. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted."

The material which Hazel seeks to add to the record primarily concerns valuation of Merle's pensions. It is apparent from the substance of appellant's motion and appellee's objection that a controversy exists between the parties as to whether the supplemental material accurately discloses what occurred in the trial court. This controversy remains unresolved, and we perceive of no reason to grant appellant's motion to supplement, which would only serve to reward appellant's inattentiveness to supreme court rules. We appreciate vigorous appellate advocacy and do not discourage motion practice. However, we remain a court of justice, and we only will permit the occasional bending of rules as needed to prevent injustice. When a party's utter disregard of clearly defines rules disrupts the orderly disposition of an appeal to the real or probable prejudice of a party, we need not countenance the practice. Accordingly, we deny appellant's motion to supplement the record.

■ Inasmuch as the appellant's reply brief contains reference to the improperly submitted materials and raises matters not argued in appellee's brief, it is deficient as well. Supreme Court Rule 341(g) requires that a reply brief "confined *strictly* to reply to arguments presented in the brief of the appellee." (Emphasis added.) (87 Ill. 2d R. 341(g).) Because of the potential prejudice to the appellee that appellant's unilaterally imposed procedure poses, we grant the motion to strike the reply brief. Having said as much, we nonetheless observe that the parties' main briefs have adequately addressed all of the legal and factual arguments properly presented for our review.

■ Hazel initially contends that the judgment of dissolution cannot stand because Merle failed to prove desertion. Hazel relies on the fact that the written order recites that counterpetitioner, Merle, "has maintained his burden of proof as to the alleged grounds for dissolution of marriage as stated in his counter-petition." Inasmuch as the counter-petition contained two counts—desertion and mental cruelty—Hazel contends that the court, pursuant to the order entered, necessarily found for the counterpetitioner on both counts. With this we cannot agree.

A cursory glance at the balance of the above-quoted sentence

evinces the court's finding for Merle only on the count alleging mental cruelty. The sentence at issue continues: "and that *** Hazel *** without cause or provocation by [Merle], has persisted in a course of cruel, abusive and inhumane treatment to and toward the respondent, which conduct constitutes extreme and repeated mental cruelty." In any event, Merle concedes that no evidence of desertion was adduced at trial and that that count was abandoned by him. Under the circumstances, there is no controversy on this point, and further comment by this court would be superfluous, at best.

■ Next, Hazel posits that the evidence of mental cruelty presented to the court failed to rise to the degree envisioned in *In re Marriage of Visione* (1981), 93 Ill. App. 3d 920, 921, 418 N.E.2d 191, 192: "a course of unprovoked, offensive conduct *** which causes embarrassment, humiliation and anguish so as to render the spouse's life miserable and unendurable, and which actually affects the spouse's physical or mental health."

The trial court's finding of mental cruelty will not be disturbed on appeal unless it is contrary to the manifest weight of the evidence. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.) We have read the entire record before us. Without restating all of the evidence, we find sufficient support in the record to sustain the trial court's finding of mental cruelty. Hazel's conduct over the years was destructive to herself, her marriage and to her husband. She admitted frequently stating that she wished she were dead. She also wished Merle dead. For years, she refused to go to a doctor despite obvious signs of physical and/or emotional ill-being. She refused to participate in social functions important to Merle's employment. She frequently falsely accused Merle of marital infidelity. She did not relate well to Merle's parents. She refused Merle's offers of sex. While there was some positive evidence of one or more affairs that Merle had had in the early 1960's, there was no proof of provocation for Hazel's harassment following their private renewal-of-marriage-vows and mutual-forgiveness ceremony in 1968.

Merle suffered from weight loss and night sweats which he attributed to his nervousness and depression as a consequence of the marital discord. Ultimately, in November 1978 Merle determined to leave the marital abode. It appears Hazel made a last effort to show her affection, and Merle indicated he was sickened by her display. Merle moved out and litigation inevitably ensued. Merle married his second wife about two weeks after the entry of the order of dissolution from Hazel in June of 1982, and litigation continues.

As stated above, viewing the totality of the evidence, we do not

find the trial court's conclusion on the issue of fault contrary to the manifest weight of the evidence. The elements of mental cruelty were proved, and we will not disturb the judgment of dissolution.

■■ ■ We next consider Hazel's arguments relating to the property/maintenance/attorney fees portion of the trial court's judgment. The trial court held that Merle's military pension was not marital property. It is now firmly established in Illinois that military pensions for which rights are acquired during a marriage, vested or nonvested, contributor or noncontributory, are marital property. (*In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 757, 457 N.E.2d 1333, 1336.) The manner of distributing the military pension to the extent that it represents a marital asset lies within the sound discretion of the trial court. Because of the difficulty of valuing and distributing rights in pensions, courts have recognized two distinct methods of distributing a spousal share—the "immediate offset" and the "reserved jurisdiction" approaches. It has been held, however, that an abuse of discretion may be shown when a trial court uses the "immediate offset" approach to distribute a spousal share of a military pension where, as here, the person entitled to the pension has not yet retired at the time of the dissolution proceedings. *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 457 N.E.2d 1333.

■■ Applying the foregoing considerations to the facts before us, we hold that the trial court did, indeed, err in finding that that portion of Merle's military pension earned prior to the parties' divorce is not marital property. Further, from the record on appeal, it appears that the value of Merle's military-pension rights was not established in the trial court. In addition we note that Merle testified that he intended to retire at age 55 (1986) and would not become eligible for benefits until age 60 (1991).

The trial court here has already employed the "reserved jurisdiction" approach for purposes of reviewing the issue of maintenance. In our opinion, the three-year continuance set for that review will mark a more appropriate time at which to determine the value of the yet-to-be-received military pension with a reasonable degree of certainty and to enter an appropriate disposition of the military pension. In so ruling, we specifically reject the implication in Hazel's position that the trial court must necessarily now increase the award of marital property to her. We reject as well the position assumed by Merle that the trial court's error is absolutely harmless. We hold only that the trial court erred in designating the military pension as nonmarital and that, under the reserved-jurisdiction approach, the matter of valuing and distributing the marital asset should be resolved at the time these parties recon-

vene according to the trial court's order.

■ Next, we consider Hazel's argument that the $800-per-month-maintenance order is inadequate. Evidence of record to support Hazel's position is woefully lacking. Hazel's estimates of expenses were speculative and lacked any credible foundation. By contrast, evidence introduced through Merle is adequate to support the amount of maintenance determined by the trial court.

It appears that at the time of the parties' separation in 1979, Merle took it upon himself to pay all of Hazel's household, medical and insurance bills and to pay an additional "allowance" directly to Hazel for food and personal needs. We introduced into evidence the sums actually paid out for Hazel's expenses during the three-year period prior to the hearing. Merle's monthly net income and his expenses were also introduced into the record. Hazel's needs, her standard of living and Merle's ability to pay, among other statutory factors (Ill. Rev. Stat. 1983, ch. 40, par. 504(b)), were all placed before the court and duly considered. Having reviewed the testimony thoroughly, we cannot find that the $800 per month of taxable maintenance awarded to Hazel is contrary to the manifest weight of the evidence or an abuse of the court's discretion.

■ Lastly, we find no merit in Hazel's contention that the trial court erred in refusing to award her attorney fees. Interim orders were entered for payment by Merle of $1,500 for Hazel's legal fees. It appears that this amount has been paid. The record lacks any evidentiary support, however, for a final award of fees. Neither the amount of attorney fees nor the reasonableness of charges was submitted for the trial court's consideration. Under the circumstances, we find no abuse of the trial court's denial of fees.

For the foregoing reasons, we reverse only that portion of the trial court's judgment finding Merle's military pension nonmarital and affirm in all other respects. Remand is not necessitated by virtue of the trial court's previously entered reservation of jurisdiction. Upon the court's review, as originally scheduled, the court is hereby directed to value Merle's military pension and order distribution of the portion which represents a marital asset, consistent with the views expressed herein.

Reversed in part; affirmed in part.

STOUDER and WOMBACHER, JJ., concur.