*In re* MARRIAGE OF VIVIANITA BINGHAM, Petitioner-Appellant, and RICHARD W. BINGHAM, Respondent-Appellee.

Second District   No. 2—88—0823

Opinion filed April 27, 1989.

Gary C. Flanders, of Alexander & Cicero, P.C., of Rockford, for appellant.

Stephen C. Pemberton, of Williams & McCarthy, P.C., of Oregon, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Vivianita Bingham, appeals the trial court's dismissal of her petition for modification which sought 50% of respondent's future military retirement benefits, as well as 50% of all such benefits received from February 1, 1983, to the present time. On appeal, petitioner contends that the trial court erroneously found that the judgment of dissolution, dated November 10, 1981, was not final and appealable as it reserved the issue of maintenance to a future date. Petitioner further argues that the trial court's finding that section 510.1 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 510.1) was not applicable was error. We agree with petitioner's contentions, reverse the judgment of the trial court and remand the cause.

Respondent, Richard W. Bingham, joined the armed forces in 1951. The parties were married on December 5, 1953. In March 1974, respondent retired from the armed forces after approximately 23 years of service.

On May 28, 1981, petitioner filed a petition for dissolution of marriage which was granted on November 6, 1981. On November 10, 1981, the trial court entered its judgment of dissolution and ordered the distribution of the parties' property and the payment of the marital debts and attorney fees. The trial court further awarded custody of the couple's remaining minor child, Debra, to petitioner and ordered respondent to make monthly child support payments in the amount of $200. Petitioner was not awarded monthly maintenance payments at the time of the dissolution, and the order specifically reserved the issue "until the minor child reaches 18, or until he [sic] finishes high school, whichever is later." At the time of the dissolution, Debra was 16 years old.

Shortly before Debra graduated from high school, petitioner filed a petition for modification seeking maintenance. The trial court granted the petition on August 6, 1984, and ordered respondent to make monthly maintenance payments of $100 to petitioner for 18 months.

On March 5, 1986, petitioner filed a petition for modification seeking an award of 50% of respondent's future military retirement benefits as well as 50% of all such benefits received by respondent from February 1, 1983, to the filing of the petition herein. Respondent resisted the petitioner's request for modification on the ground that the

dissolution order of November 10, 1981, was not "final" within the meaning of section 510.1 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 510.1). This statute provides for the reopening of dissolution orders, judgments or agreements that became final between June 26, 1981, and February 1, 1983, for the purpose of reconsidering the distribution of military retirement benefits. (Ill. Rev. Stat. 1987, ch. 40, par. 510.1.) Respondent argued that the dissolution order did not become final until the trial court issued its modification order which awarded petitioner maintenance payments on August 6, 1984, a date which fell outside the window of opportunity provided by the statute.

In an order filed August 1, 1988, the trial court found that the dissolution judgment of November 1981 did not become final and appealable until August 6, 1984, with the entry of the court's maintenance order; thus, section 510.1 was not applicable, and petitioner's petition to modify filed March 5, 1986, was dismissed.

Some months prior to the dissolution of the parties' marriage, the United States Supreme Court issued its decision in *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, in which it declared that Federal law precluded State courts from dividing military nondisability retirement pay pursuant to State property distribution laws in a dissolution of marriage proceeding. We note that on the date of dissolution in the instant case, neither party presented any testimony whatsoever regarding respondent's receipt of military retirement benefits, nor did petitioner make any request for an award of a portion of such benefits.

On February 1, 1983, Congress enacted the Uniformed Services Former Spouses Protection Act (10 U.S.C.A. §1408(c)(1) (West 1983)), which provides:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." (10 U.S.C.A. §1408(c)(1) (West 1983).)

The legislative history of this Act reveals Congress' purpose as follows:

" 'The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court [in *McCarty*] and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisible. Nothing in this provision requires any division; it leaves that is-

sue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision.' " *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 756-57, 475 N.E.2d 1333, 1335-36, quoting S. Rep. No. 502, 97th Cong., 2d Sess. 16, *reprinted in* 1982 U.S. Code Cong. & Admin. News 1596, 1611.

Thus, by the enactment of the Uniformed Services Former Spouses Protection Act, Congress abrogated the application of the *McCarty* decision to all dissolutions of marriage retroactive to the issuance of the *McCarty* decision.

■ The State of Illinois thereafter enacted section 510.1 of the Illinois Marriage and Dissolution of Marriage Act, which provides, in pertinent part:

"Sec. 510.1. Division of military retirement benefits.

(a) Agreements, judgments or orders that became final on or after June 26, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this State as it existed before June 26, 1981, and as it has existed since February 1, 1983. (Ill. Rev. Stat. 1987, ch. 40, par. 510.1(a).)

Section 510.1 became effective September 23, 1987, and provides an exception to the two-year limitation on the reopening of judgments set forth in section 2—1401(c) the Code of Civil Procedure (see Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(c)).

■ The issue before us centers on the meaning of the word "final" as stated in section 510.1 of the Act. As we noted above, this section provides an opportunity for a party to a dissolution of marriage to seek distribution of military retirement benefits which were previously exempted by virtue of the *McCarty* decision. The application of section 510.1 is limited to dissolution judgments, orders or agreements which became "final" between June 25, 1981, and February 1, 1983, exclusive. Respondent argues that this section is not applicable because the parties' dissolution did not become final within this period, as the issue of maintenance was reserved and acted upon at a later date. He relies principally upon *In re Marriage of Leopando*

(1983), 96 Ill. 2d 114, 449 N.E.2d 137, in which the supreme court held that the myriad issues involved in a petition for dissolution advance but a single claim and until all such issues are resolved, a petition for dissolution is not fully adjudicated. (96 Ill. 2d at 119, 449 N.E.2d at 140.) The *Leopando* holding advances the policy underlying Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) which discourages piecemeal appeals and the fragmentation of litigation. See *Leopando*, 96 Ill. 2d at 119-20, 449 N.E.2d at 140.

Petitioner urges that the dissolution order entered by the trial court on November 10, 1981, was final because it was enforceable immediately without further action. In this respect, petitioner compares the instant facts to those presented in *In re Marriage of Cannon* (1986), 112 Ill. 2d 552, 494 N.E.2d 490, and we find the comparison appropriate. In *Cannon*, the trial court's dissolution order distributed the parties' property and ordered temporary maintenance, while reserving the right to review the maintenance order within two years. The husband appealed the maintenance order, claiming that it was excessive, and the appellate court dismissed his appeal on the basis of *Leopando*. *Cannon*, 112 Ill. 2d at 554, 494 N.E.2d at 491.

■ Upon review, the supreme court distinguished *Leopando*, where it noted the trial court had entered a custody order only and had reserved all other issues, while in the facts before the *Cannon* court, all issues had been decided. The supreme court stated:

> " 'A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. ***' [Citation.] *** The order was enforceable without further action and was, therefore, final and appealable." 112 Ill. 2d at 556, 494 N.E.2d at 492.

This court considered a similar situation in *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 465 N.E.2d 151, in which the trial court's dissolution order resolved all issues and did not award the wife maintenance, reserving that question for two years. We concluded that the trial court's reservation on the issue of maintenance contained an implicit finding that maintenance was not justified under the circumstances attendant at the time of the dissolution. We held that the trial court had appropriately reserved jurisdiction on one issue alone, and the policy against fragmented litigation enunciated in *Leopando* was not severely undercut. Thus, the trial court's dissolution judgment in *Lord* was final and appealable. Our decision in *Lord* distinguished both the factual circumstances and the policy considerations faced by the supreme court in *Leopando*. See also *In re Mar-*

*riage of Parks* (1984), 122 Ill. App. 3d 905, 461 N.E.2d 681 (where we concluded that the public policy considerations underlying *Leopando* discouraging piecemeal appeals and fragmented litigation would not be served by denying the dissolution judgment at issue finality).

The appellate court, relying upon the supreme court's decision in *Cannon*, reached a similar conclusion to the holdings set forth in *Lord* and *Parks*, discussed above, in *In re Marriage of Lawrence* (1986), 146 Ill. App. 3d 307, 496 N.E.2d 538. In *Lawrence*, the husband appealed the trial court's award of $800 monthly maintenance payments which was to be reviewed within three years. The appellate court determined that the maintenance award in question, like that considered in *Cannon*, was permanent and enforceable in spite of the fact that it was reviewable in three years. (146 Ill. App. 3d at 310, 496 N.E.2d at 541.) The court stated, "We see no justification for precluding appellate review of the excessiveness or inadequacy of an award of maintenance for a three-year period \*\*\*. Accordingly, we deem the trial court's maintenance award to be 'final,' but subject to the trial court's later review." *Lawrence*, 146 Ill. App. 3d at 310, 494 N.E.2d at 541.

The situation before us closely parallels that presented in the *Lord* case in that at the time of the dissolution, the trial court decided all issues, including the need for maintenance payments to the wife. In November 1981, the trial court discerned a lack of necessity and thus did not award maintenance payments to petitioner. Thus, a determination on the issue of maintenance was made at that time. The judgment was enforceable immediately and, therefore, final. See *Cannon*, 112 Ill. 2d at 552, 494 N.E.2d at 492; see also *Lord*, 125 Ill. App. 3d at 4, 465 N.E.2d at 153.

Respondent argues that the unique facts presented in *Lord* distinguish it from those presented in the instant case. We agree that the facts differ; the instant case does present truly unique circumstances. At the time of the dissolution order, petitioner was precluded from requesting the trial court to consider distribution of respondent's military retirement benefits as marital property and thereby include such benefits within the order of distribution. Petitioner belongs to a discrete and finite group of divorced persons affected by this peculiar disability to whom the Illinois General Assembly has granted a one-time opportunity to relitigate the issue of property distribution with regard to military pension benefits only. This special right provided in section 510.1 of the Act places petitioner and other similarly situated litigants on the same footing as persons who were divorced prior to the Supreme Court's decision in *McCarty* or after Congress enacted the Uniformed Services Former Spouses Protection Act on February

1, 1983. Further, the special opportunity provided in section 510.1 was automatically repealed as of January 1, 1989.

We conclude that it was the intention of the legislature that the word "final" refers to a judgment where the litigation has been determined on its merits, so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. Such is the case here. The court decided that maintenance was denied but reserved jurisdiction to consider maintenance at a future date. As in *Lord*, the trial court's November 10, 1981, judgment was a final determination on the then present lack of need of maintenance and the retention of jurisdiction to modify the order and to award maintenance later if circumstances warranted. See *Lord*, 125 Ill. App. 3d at 4, 465 N.E.2d at 153.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and INGLIS, JJ., concur.