*In re* MARRIAGE OF ANDREA L. REEDER, Petitioner-Appellant, and TERRY S. REEDER, Respondent-Appellee.

Third District No. 3—90—0351

Opinion filed April 5, 1991.

STOUDER, P.J., dissenting.

Donovan S. Robertson, of Braud/Warner, Ltd., of Rock Island, for appellant.

Stewart R. Winstein, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The petitioner, Andrea L. Reeder, filed a petition for the dissolution of her marriage to the respondent, Terry S. Reeder, on the grounds of extreme and repeated mental cruelty (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)(1)). The trial court found that Andrea had failed to prove mental cruelty and therefore dismissed the petition. Andrea appeals. We reverse.

At the hearing on the petition, Andrea testified that she and Terry were married in 1980 and had two children. She stated that Terry drank daily and would become drunk about once every three weeks. When drinking, he would be loud and abusive, including using profane language around her and the children.

Andrea noted that in 1984 she and the children had moved out of the marital home due to Terry's drinking and abuse. As a result, Terry sought alcoholism treatment. For about six months he quit drinking, but thereafter gradually returned to his old habits.

Andrea further testified that Terry had, on three occasions, physically abused her. The first incident took place in 1981 when she was pregnant. In that instance, Terry pushed her and held her wrists while attempting to force her into sex. In 1984, there was a second incident when Terry forcefully demanded sex. In March 1990, the third incident took place. Terry had come home from drinking in a bar and tried to force her to have sex. In an attempt to pull off her pants and underwear, he bruised her. The children had seen him standing naked over her.

Andrea stated that she was afraid of Terry and noted that as a result of his conduct, she had become nervous and upset. At times, it caused her to become physically ill.

Terry testified that he and Andrea got along well when he was employed, but had problems when he was unemployed. He stated that he now drank only occasionally and in moderation. The three occasions that he had tried to force her to have sex had been during times of great stress for him. He stated that he had not been very forceful and that Andrea had purposely screamed to get the children involved. He noted that he and Andrea usually had consensual sex two or three times a week.

The trial court found that the fact that Terry drank daily without getting drunk was not grounds for divorce. It further found that three instances of his attempting to force Andrea to have sex over nine years of marriage did not constitute extreme mental cruelty. The court concluded that the only basis upon which it could find mental cruelty was Terry's practice of getting drunk once every three weeks. However, it held that while his intoxication was a problem, it did not occur frequently enough to constitute mental cruelty.

Andrea argues on appeal and we agree that the court's decision was against the manifest weight of the evidence. In particular, she contends that getting drunk every three weeks is frequent and that the court erred in failing to consider the adverse effect Terry's drinking had on her. She notes her uncontroverted testimony that it caused her to have mental and physical problems.

 Mental cruelty is a course of unprovoked, offensive conduct toward one's spouse which causes embarrassment, humiliation, and anguish so as to render the spouse's life miserable and unendurable, and which actually affects the spouse's physical or mental health. (*In re Marriage of Visione* (1981), 93 Ill. App. 3d 920, 418 Ill. App. 3d 191.) In determining whether the acts charged amount to mental cruelty, the trial court is to primarily consider the effect on the complaining party. (*In re Marriage of Semmler* (1980), 90 Ill. App. 3d 649, 413 N.E.2d 502.) At the same time, whether certain acts constitute mental cruelty depends upon the total factual background of the marriage, including the circumstances surrounding the acts in question. (*Murphy v. Murphy* (1975), 31 Ill. App. 3d 321, 334 N.E.2d 779.) The trial court's decision on whether extreme mental cruelty has been proved will not be overturned unless it is against the manifest weight of the evidence. *In re Marriage of Visione* (1981), 93 Ill. App. 3d 920, 418 Ill. App. 3d 191.

In the instant case, the trial court accepted the petitioner's testimony that the respondent consumes alcoholic beverages on a daily basis. The court commented that "a lot of people do that" and the court didn't think that was grounds for a divorce.

The trial court also adopted the petitioner's testimony that the respondent becomes intoxicated once every three weeks. The court stated that this was not a "real frequent occurrence" and thus there is an issue as to whether a "real problem" exists.

The trial court further stated that the respondent had "only" attempted to force the petitioner into involuntary sexual activity three times over the past nine years. These attempts were discounted by the court even though they were admitted to by the respondent.

■ The trial court applied an objective standard rather than the subjective standard as required by *Akin v. Akin* (1970), 125 Ill. App. 2d 159, 260 N.E.2d 481. The court's function was not to determine whether the respondent's conduct would have been cruel to a reasonable person or a person of average sensibilities. The court's function was to determine whether the respondent's conduct was, in fact, cruel to the petitioner.

The court accepted the petitioner's statements regarding the respondent's daily consumption of alcoholic beverages, his habit of becoming drunk once every three weeks and his attempts to force the petitioner into involuntary sexual activity. Uncontroverted was the petitioner's testimony that she had become nervous, upset and physically ill as a result of the respondent's actions.

■ ■ We hold that the petitioner met her burden of proof in demonstrating that the respondent has been guilty of extreme and repeated mental cruelty. As to the respondent's contention that the petitioner failed to allege that the conduct of the respondent was unprovoked, a review of the evidence indicates that respondent's conduct constitutes a course of abusive treatment consisting of voluntary acts on his part that must, by their nature, be the result of his own action without provocation. Accordingly, the decision of the circuit court of Rock Island County is reversed.

Reversed.

BARRY, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:

The trial court concluded that, based on the evidence presented, it could not find grounds for granting Andrea's petition. I find the record in the instant case supports the trial court's decision, and therefore I dissent. The trial judge is in the best position to assess the credibility of the witnesses and the nature, weight and quality of the evidence in determining the issues of mental cruelty. (*In re Marriage*

*of Semmler* (1980), 90 Ill. App. 3d 649, 413 N.E.2d 502.) Andrea testified that Terry's conduct caused her to become nervous, upset and at times physically ill. There was no other evidence presented regarding this issue. The trial court was not required to accept Andrea's claim that Terry's conduct caused her to have physical and mental problems. Dissolution of a marriage under section 401(a)(1) (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)(1)) still requires fault on the part of the respondent. Mere allegations of mental cruelty are not enough to establish fault as a matter of law. I would affirm the trial court's determination that Andrea had failed to present sufficient grounds.