*In re* MARRIAGE OF JUDY REPPEN-SONNESON, Petitioner-Appellant, and ROBERT W. SONNESON, Respondent-Appellee.

Second District    Nos. 2—97—1075, 2—97—1197, 2—98—0040, 2—98—0543 cons.

Opinion filed October 14, 1998.—Rehearing denied November 20, 1998.

Allyson Misevich, of Rockford, for appellant.

Peter B. Nolte, of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Judy Reppen-Sonneson (Judy), appeals numerous orders of the circuit court of Winnebago County following the judgment of dissolution of her marriage to respondent, Robert W. Sonneson (Robert). On appeal, Judy contends that the trial court abused its discretion in valuing and dividing the marital property and that its maintenance award was inequitable. She also contends that the trial court abused its discretion in ordering Robert to pay only a portion of Judy's attorney fees. We affirm.

■ With regard to her value and distribution argument, Judy primarily contends that the court's determination that Robert's business, Sonneson Construction, Inc. (Sonneson), had a value of zero was both against the manifest weight of the evidence and an abuse of discretion. The valuation of marital assets is a matter for the trial court, and as long as the court's valuation is within the range testified to by the experts, it ordinarily will not be disturbed on appeal. *In re Mar-*

*riage of Hunter*, 223 Ill. App. 3d 947, 956 (1992). Any conflicts in testimony regarding the value of marital assets are matters for the trier of fact, and a valuation within the range testified to by the parties' experts will not be disturbed on review. *In re Marriage of Olson*, 223 Ill. App. 3d 636, 646 (1992).

■ Robert described Sonneson as a construction business concentrating in new construction. Robert is president of the company and is primarily responsible for the company's earnings. Brice Evans, an accountant who has handled the accounting for the company since 1988, testified that its retained earnings had been declining and that the company essentially showed no profit. He valued Sonneson at zero. The only evidence offered by Judy concerning the value of Sonneson was a profit and loss statement which had been submitted to a bank for the purpose of obtaining a loan. Judy never explained how this document reflected on the true market value of Sonneson. Given the evidence presented, the trial court's determination that Sonneson had a value of zero was not against the manifest weight of the evidence.

■ Moreover, there is no indication from the record that Judy was prevented from gathering evidence as to the value of the business. It is the parties' obligation to present the court with sufficient evidence of the value of the property. *In re Marriage of Smith*, 114 Ill. App. 3d 47, 54 (1983). Under the circumstances, we agree with Robert that Judy should not be allowed to benefit from her failure to introduce evidence at trial as to the value of the company. See *In re Marriage of Leff*, 148 Ill. App. 3d 792, 802-04 (1986).

■ Judy asserts that the court failed to consider several infirmities in Evans' testimony. We disagree. Through cross-examination by Judy's counsel, Evans testified that he was not a certified public accountant. Evans also revealed that the figures he received for the tax returns came from Robert. Thus, the court was aware of any deficiencies and, sitting as trier of fact, was free to accept or reject Evans' testimony.

■ Regarding the court's division of the parties' assets and its award of maintenance, we find no abuse of discretion. It is clear from the record that Judy received the larger share of the marital assets. The court awarded Judy the equity in the marital home of $63,863, a car and household goods valued at $20,000, and 15% of an IRA valued at $6,227. The court awarded Robert the equity in two 12-family apartment buildings of $53,200, and the boat, trailer, and household goods valued at $12,000.

Judy argues that the court abused its discretion in not awarding her one of the apartment buildings. However, she ignores the fact that Robert was ordered to pay substantial debts and maintenance while

sharing physical custody of their three children. Robert was ordered to pay $10,000 towards Judy's credit card debt, $18,863 for the marital home equity loan, 1995 property taxes on the home, health insurance for the three children, Judy's health insurance under COBRA, $3,000 of Judy's attorney fees, $75 per week rehabilitative maintenance to be reviewed in two years, and $75 per week child support. We find no inequity in the court's division of the marital assets.

We also determine that the court did not abuse its discretion in awarding $75-per-week maintenance to Judy. She argues that the award fails to consider her poor health, expenses, and the lifestyle she enjoyed during her 15-year marriage. Judy further contends that the trial court abused its discretion by not awarding her one of the apartment buildings so that she would have an income-producing asset to assist her in becoming self-sufficient.

The trial court is allowed to award maintenance in an amount it deems just after considering relevant factors such as: financial resources of the party seeking maintenance including marital property the party was apportioned; standard of living established during the marriage; duration of the marriage; age, physical and emotional condition of both parties; and ability of the other spouse to pay maintenance while meeting his needs. *In re Marriage of Frederick*, 218 Ill. App. 3d 533, 542 (1991); 750 ILCS 5/504 (West 1996). An award of maintenance is within the discretion of the trial court, and it will not be disturbed on review unless there is an abuse of discretion or the determination is against the manifest weight of the evidence. *In re Marriage of Frederick*, 218 Ill. App. 3d at 542.

In awarding maintenance, the trial court noted that Robert earned a net income of $500 per month, that there was a disparity in earning capacity, that Judy had devoted time towards domestic duties, and that the marriage was of substantial duration. Judy was 40 years old at the time of trial. According to Judy, she has back problems from lifting heavy trays and is on medication for her feet. Judy claims that she cannot work at a job which requires heavy lifting or standing.

As stated above, we do not find that awarding both income producing properties to Robert to be an abuse of discretion given the substantial debts Robert has been ordered to assume. Nor do we believe that either Judy's health or lack of experience would prevent her from obtaining meaningful or financially rewarding employment in the future as the record establishes that Judy has a college degree and has recently completed training as a travel agent. Here, the evidence indicates future employability, and the two-year time limitation to review her circumstances encourages Judy to become self-sufficient. The award of maintenance constitutes 15% of Robert's monthly

income. Such an amount has been held to be reasonable. See, *e.g., In re Marriage of Orlando*, 218 Ill. App. 3d 312, 322 (1991) (maintenance award constituting less than 10% of monthly net income upheld). We find no abuse of discretion in the award of maintenance.

■ Judy next contends that the child support award of $75 per week also was an abuse of discretion because the award does not comport with the statutory guidelines enumerated in the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/505(a)(1) *et seq.* (West 1994). Both parents have an obligation to financially support their children. *In re Marriage of Duerr*, 250 Ill. App. 3d 232, 238 (1993). Section 505 (a)(1) provides as a guideline that the noncustodial parent pay approximately 32% of his or her net monthly income in child support when there are three children. 750 ILCS 5/505(a)(1) (West 1994). When custody is shared, the court may apportion the percentage between the parents (*In re Marriage of Duerr*, 250 Ill. App. 3d at 238), or may disregard the statutory guidelines in the Act and instead consider the factors listed in section 505(a)(2) (*In re Marriage of Steadman*, 283 Ill. App. 3d 703, 708-09 (1996)).

The parties agreed to share in the legal and physical custody of their three children. Because both parents share the custody of the children, the trial court was not obligated to rely on the statutory guidelines. In this case, only Robert was ordered to pay $75 per week in child support. In addition to providing the sole support, Robert pays the children's health insurance and 75% of any extraordinary medical expenses such as orthodontia. Robert has just as much responsibility in caring for the children as Judy. We do not find that the court abused its discretion.

■ Lastly, Judy contends that the award of $3,000 toward her attorney fees of $8,000 was an abuse of discretion. Generally, each party has the primary obligation to pay his own attorney fees. *In re Marriage of Orlando*, 218 Ill. App. 3d at 322. After the financial resources of the parties are considered, section 508 of the Act provides that the court may order a spouse to pay a reasonable amount for the costs and attorney fees necessarily incurred by the other spouse. 750 ILCS 5/508 (West 1994). The allowance of attorney fees rests within the sound discretion of the trial court and that discretion will not be disturbed unless it is clearly abused. *In re Marriage of Orlando*, 218 Ill. App. 3d at 322. In light of the parties' economic circumstances and the significant amount of debt which Robert was ordered to assume, we cannot say that the award of attorney fees was an abuse of discretion.

■ In closing, we note that in appeal No. 2—98—0040, Judy appeals from the trial court's order entering judgment against Judy for her own attorney fees. However, Judy raises no arguments regarding

this appeal. Similarly, Judy raises no contentions regarding appeal No. 2—98—0543, an order dismissing with prejudice the petition for attorney fees brought by Robert's attorney. Under Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)), an appeal taken without argument or analysis presented for the court's consideration will be dismissed. *Department of Transportation v. Ass'n of Franciscan Fathers*, 93 Ill. App. 3d 1141, 1151 (1981). Accordingly, we dismiss these appeals.

For the reasons given above, the judgment of the circuit court of Winnebago County is affirmed in Nos. 2—97—1075 and 2—97—1197.

No. 2—97—1075, Affirmed.
No. 2—97—1197, Affirmed.
No. 2—98—0040, Dismissed.
No. 2—98—0543, Dismissed.

GEIGER, P.J., and RATHJE, J., concur.