22 December 1999

No. 2--98--1574 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

)

In re
 MARRIAGE OF NORMA E. ) Appeal from the Circuit Court

BOTHE, ) of Lee County.

) 

Petitioner-Appellee,
 )

) No. 96--D--82

and )

)

GENE H. BOTHE, ) Honorable

) John B. Roe,

Respondent-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Respondent, Gene H. Bothe, appeals from the trial court's order denying his petition to terminate maintenance to petitioner, Norma E. Bothe.  We affirm in part, reverse in part, and remand the cause for further proceedings.

In June 1996, petitioner filed a petition for legal separation from respondent.  At the time, petitioner was 58 years old, disabled, and unemployed.  The parties had been married since 1958.  In August 1996, respondent filed a petition for dissolution of marriage.  On October 3, 1997, the trial court entered the judgment of dissolution, which incorporated the terms of a settlement agreement.

The initial judgment of dissolution provided, 
inter alia
, that respondent pay petitioner's continuation medical insurance coverage for a contractual period of 15 months.  It appears that judgment awarded petitioner more than 50% of the marital assets.  Respondent was also to pay petitioner $2,000 per month in maintenance, and rent for farming land awarded to petitioner.   The trial court reserved jurisdiction regarding maintenance-related issues, including the resolution of a medical malpractice suit arising out of injuries sustained by petitioner resulting in paraplegia; the impending lapse of the 15-month continuation medical insurance coverage; and any disputes regarding tax obligations.

On September 11, 1998, respondent filed a verified petition to terminate maintenance and to "forgive" the balance of the 1998 farm rent owed petitioner.  The petition recited that there was a settlement in the medical malpractice case.  Under the settlement, respondent received the net sum of $131,710.84, while petitioner received the net sum of approximately $3.7 million after the payment of attorney fees and costs.  Respondent estimated that petitioner's living expenses for the rest of her life would amount to approximately $2.7 million, leaving her a surplus of $1 million.  Respondent based this on petitioner's affidavit that showed her living expenses in 1996 were approximately $108,000 per year, including about $5,000 per month for caregivers.

At the hearing on the petition to terminate maintenance, respondent argued that, in view of the malpractice settlement and the property distribution, petitioner had more than enough income to pay her living expenses.  Petitioner offered that, because of her substantial medical expenses, it was uncertain whether she would have adequate resources to meet her future expenses for the rest of her life.  She asserted that her medical insurance would lapse at least for a significant period of time until Medicare was available.  Petitioner argued that the court should reserve the issue of permanent maintenance in the event of a significant change of circumstances, but she did not oppose the abatement of maintenance.

Respondent argued that he had already used his settlement to pay debts and now owed $45,000 in loans.  Respondent proposed that if petitioner invested her $3.7 million even at 5% interest, she could live on the interest alone without ever touching the principal, and he noted that she also had $240,000 for her retirement from the division of marital assets.  Respondent argued that, after paying his obligations, his income was actually decreasing under the circumstances.

In an order filed on December 1, 1998, the trial court denied respondent's petition to terminate maintenance and denied his request to abate the 1998 farm rent because that would amount to a unilateral change in the property settlement. 
 However, the trial court ordered that respondent's obligation to pay maintenance "abated effective September 1, 1998, subject to further order of the Court."  The order also stated that the judgment of dissolution was to remain in full force and effect in all other respects and was enforceable according to its terms.  Respondent timely appealed.

Respondent brings this appeal pursuant to Supreme Court Rule 303.  155 Ill. 2d R. 303.  A court of review has an independent duty to consider its jurisdiction and dismiss the appeal if jurisdiction is lacking.  
Franson v. Micelli
, 172 Ill. 2d 352, 355 (1996); 
Anest v. Bailey
, 265 Ill. App. 3d 58, 63 (1994).  Supreme Court Rule 303(a) provides that notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or within 30 days after the entry of an order disposing of a timely posttrial motion.  155 Ill. 2d R. 303(a).  Generally, an order explicitly reserving an issue for further consideration or otherwise manifesting the trial court's intention to retain jurisdiction for the entry of a further order is neither final nor immediately appealable.  
In re Guzik
, 249 Ill. App. 3d 95, 98 (1993).

However, for purposes of dissolution proceedings, a judgment is deemed final " 'if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' "  
In re Marriage of Bingham
, 181 Ill. App. 3d 966, 970 (1989), quoting 
In re Marriage of Cannon
, 112 Ill. 2d 552, 556 (1986).  In this case, the judgment was a final determination in that it determined petitioner's present lack of need for maintenance and merely retained jurisdiction to award maintenance if later circumstances warranted.  See, 
e.g.
, 
Bingham
, 181 Ill. App. 3d at 972.  Thus, a determination on the issue of maintenance was made at that time and the judgment was enforceable immediately and, therefore, final.  See 
Bingham
, 181 Ill. App. 3d at 971; see also 
Cannon
, 112 Ill. 2d at 556 (holding that the inclusion in an order of a provision for review of maintenance does not render the order unappealable).  We will therefore consider the merits of respondent's appeal.

In this appeal, respondent argues that the trial court erred in denying his petition to terminate maintenance and in failing to assess petitioner's prospective need for permanent maintenance.  Although respondent acknowledges that there is a trend in the trial courts' retention of jurisdiction on the issue of maintenance, he argues that, in this case, the policies favoring judicial economy and the finality of judgments should prevail.

The decision to modify or terminate maintenance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  
In re Marriage of Hucker
, 259 Ill. App. 3d 551, 555 (1994).  An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court.  
In re Marriage of Miller
, 231 Ill. App. 3d 480, 485 (1992).

Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides that maintenance may be modified only where the moving party can demonstrate a "substantial change in circumstances."  750 ILCS 5/510(a) (West 1998).  "In determining whether to modify or terminate maintenance, the trial court should consider the same factors it considered when making the initial award of maintenance."  
In re Marriage of Kocher
, 282 Ill. App. 3d 655, 661 (1996).  The relevant factors are set forth in section 504 of the Act (750 ILCS 5/504 (West 1996)) and include, but are not limited to, the financial resources of the party seeking maintenance, including the marital property the party was apportioned; the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of both parties; and the ability of the other spouse to pay maintenance while meeting his or her needs.  
In re Marriage of Reppen-Sonneson
, 299 Ill. App. 3d 691, 694 (1998).

"An award of maintenance must be made on the basis of the circumstances disclosed by the evidence at the time of the hearing."  
In re Marriage of Sisul
, 234 Ill. App. 3d 1038, 1040 (1992).  A trial court should not speculate as to the future condition of the parties in making any disposition on the issue of maintenance.  
Sisul
, 234 Ill. App. 3d at 1040
.  Although a trial court must consider all relevant statutory factors under section 504 of the Act in determining whether to modify or terminate maintenance, it need not make specific findings as to the reasons for its decision.  
Kocher
, 282 Ill. App. 3d at 661.

In this case, in abating maintenance, the trial court implicitly found that petitioner was not then in need of maintenance.
  However, the trial court reserved jurisdiction on the issue of future maintenance by making it subject to further order of the court, apparently because there was uncertainty regarding petitioner's future medical expenses and insurability.

Applying the factors set forth in section 504 of the Act, we conclude that the trial court's reservation of jurisdiction on the issue of future maintenance was reasonable.  Given the uncertainty of petitioner's future medical expenses and insurability, it was necessary for the trial court to reserve jurisdiction on the issue of maintenance to avoid improper speculation.  See 
In re Marriage of Stam
, 260 Ill. App. 3d 754, 757 (1994) (holding that trial court did not abuse its discretion in reserving jurisdiction for four years to review maintenance award where the petitioner had multiple sclerosis).
  The trial court could have made it clearer that it had considered the relevant statutory factors in reaching its decision, which would have been of assistance to this court.  However, we will not substitute our decision for that of the trial court, and, based on the record before us, we cannot say that the trial court abused its discretion in reserving jurisdiction to review the maintenance award.  See 
Kocher
, 282 Ill. App. 3d at 661-62.

We note that if respondent is right that petitioner now has sufficient assets and income to cover her reasonable needs for the rest of her life, she will never need maintenance and the reservation of maintenance is of no consequence, since she would never have a basis for returning to court to seek it.  Respondent also suggests in his brief that "The only conceivable way that maintenance may be needed in the future to sustain [petitioner's] standard of living would be if she engaged in waste of her assets and property distribution," which is beyond respondent's control.  As petitioner correctly points out in her brief, proof of such dissipation would fatally prejudice any request for further maintenance.  Petitioner asserts that respondent's real concern is the same as hers, that her uninsured medical expenses during the gap period before Medicare becomes available could be enormous.  The abatement of the maintenance order effectively requires respondent to pay nothing to petitioner unless and until there is a significant change in circumstances that would justify maintenance in the future.  We therefore determine that the trial court's decision to abate, rather than to terminate, maintenance was appropriate, just, and well within the exercise of its discretion.

Notwithstanding this determination, we disagree with the trial court's decision
 to reserve jurisdiction indefinitely.  "Time-

limited maintenance which is reviewable at a certain date in the future has been widely accepted by Illinois courts as a logical, practical and fair way to handle maintenance awards."  
Sisul
, 234 Ill. App. 3d at 1040.  In the numerous cases we have reviewed where trial courts have reserved jurisdiction on the issue of maintenance, there was either a specific triggering event or, more commonly, a specific time period within which to review the issue of maintenance.  See 
In re Marriage of Snow
, 277 Ill. App. 3d 642, 652-53 (1996) (where respondent demonstrated need for rehabilitative maintenance and petitioner demonstrated a present inability to pay, reviewing court remanded cause and directed trial court to reserve the issue of maintenance and set a reasonable and certain time for review).  We believe that the trial court's failure to set a reasonable and certain time for review of the maintenance issue amounts to an abuse of discretion.

For the foregoing reasons, we reverse that part of the trial court's order reserving the issue of maintenance indefinitely and remand the cause with directions to rule that the issue of maintenance shall be reserved until a reasonable and certain date or shall be reviewable upon the petition of either party or upon the happening of a specific event.

That portion of the judgment of the circuit court of Lee County reserving the issue of maintenance indefinitely is reversed and the cause is remanded with directions.  In all other respects, the judgment of the circuit court of Lee County is affirmed.

Affirmed in part and reversed in part; cause remanded with directions.

HUTCHINSON and GALASSO, JJ., concur.