IN RE DISSOLUTION OF MARRIAGE OF WISE.

(No. 87AP-384—Decided March 17, 1988.)

*Betty Jean Wise,* appellee, *pro se. Chorpening, Good & Mancuso Co., L.P.A.,* and *Joseph D. Reed,* for appellant.

STRAUSBAUGH, J. This is an appeal by appellant from a judgment of the court of common pleas, division of domestic relations, granting appellee's Civ. R. 60(B)(5) motion in an action wherein appellee sought relief from a decree of dissolution filed in the court on October 23, 1985.

The record indicates that appellant, Eugene Edward Wise, married appellee, Betty Jean Wise, on December 18, 1955; that the couple bore several children, one of whom, Roland Wise, born September 1, 1962 suffered brain damage at birth; that Roland has been institutionalized since 1964; and, that, in June 1975, appellant executed a full power of authority of indefinite duration in favor of appellee, which power the appellant has not revoked. In September 1985, appellee and appellant executed a separation agreement, which was filed with the petition for dissolution in the Franklin County Court of Common

Pleas, Division of Domestic Relations. The separation agreement was approved and the decree of dissolution was entered by the trial court on October 23, 1985.

The separation agreement purported to divide all assets and debts equally between the parties. Specifically, the agreement provided that appellant would purchase the equity of appellee in a jointly owned piece of realty for the sum of $27,500. Pursuant to that agreement, appellant was to purchase the appellee's interest at the rate of $5,000 per six months. Thereafter, appellant paid to appellee the sum of $15,000.

Subsequently, appellee was informed by the military that she was entitled to a portion of appellant's military pension provided that the pension was specifically mentioned in the separation agreement. For this reason, appellee filed a motion, pursuant to Civ. R. 60(B), on August 29, 1986, seeking relief from judgment. Following a hearing in January 1987, the court sustained appellee's motion pursuant to Civ. R. 60(B)(5) and vacated the decree of dissolution. Specifically, the trial court found that, although the separation agreement purported to divide all of the assets held by the parties, that in fact not all of the property was divided as required by R.C. 3105.63. The court found that the separation agreement failed to specify which party was to have title to the various automobiles owned by the parties; that the agreement did not specifically reference realty owned in Cincinnati, Ohio; and, that the agreement failed to address the issue of the military retirement rights of the parties and three businesses owned by the parties.

Appellant sets forth the following three assignments of error for our review:

"1. Whether the Trial Court erred in finding that the separation agreement failed to divide all of the property of the parties as required by Ohio Revised Code Section 3105.63.

"2. Whether the Trial Court erred in finding the separation agreement failed to provide for Roland Wise an alleged unemancipated son of the parties.

"3. Whether the Trial Court erred in granting appellee's motion for relief from judgment under Civil Rule 60(B)(5)."

Under his first assignment of error, appellant argues that under R.C. 3105.63 it is the intention of the parties to the separation agreement which controls the determination of whether the agreement provides for a division of all the property. R.C. 3105.63 provides in part:

"A petition for dissolution of marriage shall be signed by both spouses, and shall have attached and incorporated a separation agreement agreed to by both spouses. The separation agreement shall provide for a division of all property, alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights. * * *"

In appellant's view, when the agreement is reviewed in light of the parties' intention, it is clear that the separation agreement disposed of the automobiles, the real estate in Cincinnati, and the businesses. Appellant contends that although the agreement did not specifically identify appellant's military pension, the evidence indicates that appellee was clearly aware of the existence of the pension; that since it was appellee, and not appellant, who drafted the separation agreement, appellee's failure to include the pension within the terms of the agreement constitutes inexcusable neglect; that, in any event, Section 12.2 of the separation agreement

specifically grants to appellant any property not specifically referenced in the agreement.

We find appellant's first assignment of error well-taken. The opinion of this court in *Millhon* v. *Millhon* (Oct. 20, 1987), No. 86AP-1159, unreported, held at 11 that "it was the parties' intention to settle all questions regarding property rights." Paragraph 14 of the *Millhon* separation agreement is very similar to Section 2.1 of the separation agreement in this case. Further, paragraph 8 in the *Millhon* separation agreement is almost the same as Section 12.2 of the separation agreement herein. Appellant's first assignment of error is sustained.

We find that the court also erred in finding the separation agreement was void because of the parties' failure to include reference to the parties' incompetent son, Roland. Although equitable relief may be warranted in some cases, it has no application here since apparently neither parent has an obligation to provide support for Roland, and because neither parent is providing direct care for Roland. Currently, Roland is twenty-three, resides in an institution in the state of Washington and receives Social Security as income. Hence, there is no showing of need for equitable relief to one parent or the other for the support of Roland. Appellant's second assignment of error is sustained.

Furthermore, we find that the trial court erred when it granted appellee's motion pursuant to Civ. R. 60(B)(5). Specifically, appellee failed to establish that she is entitled to relief under one of the grounds enumerated in Civ. R. 60(B)(1) through (5). Any mistake in drafting the separation agreement was the result of appellee's inexcusable neglect or carelessness. There is no evidence in this record of newly discovered evidence which appellee could not have discovered in time for a new trial; a fraud, misrepresentation or misconduct; or evidence that the judgment has been satisfied. Appellant's third assignment of error is sustained.

Finally, it should be noted that appellee has failed to file a brief herein and, therefore, under App. R. 18(C), "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Therefore, for all the foregoing reasons, appellant's three assignments of error are sustained; the judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

YOUNG and BRYANT, JJ., concur.