Argued and submitted March 17, reversed and remanded with instructions June 14,
reconsideration allowed by opinion November 8, 1989
See 99 Or App 252, 781 P2d 1219 (1989)

In the Matter of the Marriage of

VALLEY,
*Appellant,*
*and*

VALLEY,
*Respondent.*

(CC82-314; CA A49529)

775 P2d 332

Philip L. Nelson, Astoria, argued the cause and filed the brief for appellant.

Clayton C. Patrick, Salem, argued the cause for respondent. With him on the brief were Robert C. Moberg and Campbell, Moberg & Canessa, Seaside.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Wife seeks to have the dissolution judgment modified pursuant to Oregon Laws 1987, chapter 188, to include a division of husband's Coast Guard pension. The trial court denied her petition.

Husband entered the Coast Guard in April, 1961. The parties were married July 21, 1962. Husband retired on January 1, 1982, and the marriage was dissolved on September 15, 1982. During the marriage, the parties were transferred frequently across the United States; as a result, they never acquired a home. Under the original judgment, wife received no spousal support and, by husband's estimate, received approximately $8,000 in assets. The parties agree that the settlement was a "pretty even" division of their assets excluding husband's pension, which has a present value exceeding $100,000.

In 1982, courts were precluded from dividing a military pension or taking into account its value in making a property division incident to a divorce. *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981); *Vinson and Vinson,* 57 Or App 355, 644 P2d 635 (1982). On February 1, 1983, the Uniformed Services Former Spouses Protection Act (10 USC § 1401 *et seq*) went into effect, and effectively overruled *McCarty.* State courts may now divide military pensions. In 1987, the Oregon legislature enacted Oregon Laws 1987, chapter 188, section 1:

"(1)   A decree of marital annulment, dissolution or separation that became final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983. The decree shall be modified in a manner consistent with federal law and the laws of this state as they have existed since February 1, 1983.

"(2)   Modification of a decree under this section may be granted whether or not the decree expressly reserved the pension issue for further determination, omitted any reference to a military pension or assumed in any manner that military pension benefits were not, as of the date on which the decree became final, divisible marital property.

"(3)   Any proceeding to modify a decree of marital annulment, dissolution or separation under this section shall be commenced before January 1, 1989.

"(4)   This section shall remain in effect only until January 1, 1989."

The trial court refused to award wife part of husband's pension benefits, because it believed that doing so would constitute an award of permanent spousal support. Husband admits that this case falls within the statute but argues that the trial court acted within its discretion, because the statute is permissive: that is, the judgment "*may* be modified." (Emphasis supplied.) However, we review *de novo.*

**1-3.**   In any event, the trial court erred as a matter of law when it treated division of the pension as spousal support. Retirement benefits are marital property, *Barter and Barter,* 65 Or App 416, 671 P2d 1188 (1983), and are subject to division as property, which division may not normally be modified.[1] Spousal support is subject to modification. The value of husband's pension clearly was not taken into account when the property was divided in the dissolution judgment. Wife was married to husband for nearly all of his time in the Coast Guard, during which 94 percent of his pension accrued. We perceive no reason why wife should not receive one-half of that marital asset accumulated during the marriage.

Reversed and remanded for entry of judgment modifying dissolution judgment to award wife 47 percent of husband's Coast Guard pension and entry of a Qualified Domestic Relations Order pursuant to IRC § 414(p). Costs to wife.

---

[1] A special statute expressly authorizes the kind of modification involved here during a limited time period.