Daniel D. BARTH, Appellant,

v.

Cupia J. BARTH, Appellee–Petitioner.

No. 71853.

Supreme Court of Oklahoma.

Oct. 16, 1990.

As Corrected Oct. 17, 1990.

Rehearing Denied Jan. 29, 1991.

Ralph W. Newcombe, Lawton, for appellant.

Paul G. Smith, Norman, for appellee-petitioner.

KAUGER, Justice.

The dispositive issue is whether, pursuant to 12 O.S.Supp.1987 § 1289(F),[1] a property settlement can be modified after the decree is entered to include a proportionate amount of military retirement benefits earned during the marriage. We granted certiorari on July 17, 1990 to consider a question of first impression. In accordance with our pronouncement in *Clifton v. Clifton*, 801 P.2d 693 (Okla.1990), in which we decided this issue, in the absence of fraud, a property settlement award, as opposed to an award for support alimony, cannot be modified in a post-decretal hearing.

---

**1.** Title 12 O.S.Supp.1987 § 1289(F) provides: "Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–252), the provisions of subsection E of this section shall have retrospective and prospective application with regards to modifications for the purpose of obtaining support or payments pertaining to a division of property on divorce decrees which become final after June 26, 1981."

Section 1289 was renumbered effective November 1, 1989. It now appears at 43 O.S.Supp.1989 § 134.

## FACTS

The parties were married on November 20, 1966, while the husband was a member of the United States Marine Corps. After fifteen years of marriage, the couple was divorced on February 5, 1982. The divorce decree provided for the division of the couple's property, payment of the marital debts, and awarded the appellee-petitioner, Cupia J. Barth (wife), $18,000.00 in support alimony to be paid at the rate of $500.00 a month for a period of three years. The last payment was made on January 10, 1985. The appellant, Daniel D. Barth (husband) retired from the military in March of 1983, and began drawing military retirement. At the time of the divorce, the military retirement pension was not considered as property or divided in the divorce settlement. The husband made all required support payments. The husband drew his military retirement pay without objection from the wife until September 9, 1987, when she filed a motion to modify the divorce decree to include the pension as part of the marital estate subject to property division.

The trial court heard the motion to modify on August 24, 1988, and mailed the parties a copy of his findings of fact and conclusions of law on August 30. The trial court modified the divorce decree to give the wife 27% of the husband's military retirement pay—payments to begin on October 1, 1988. The Court of Appeals reversed. We granted certiorari on July 17, 1990.

THE CAUSE IS GOVERNED BY THE PRONOUNCEMENT IN *Clifton v. Clifton,* 801 P.2d 693 (Okla.1990), THAT IN THE ABSENCE OF FRAUD, A PROPERTY SETTLEMENT AWARD, AS OPPOSED TO AN AWARD FOR SUPPORT ALIMONY, CANNOT BE MODIFIED IN A POST–DECRETAL HEARING.

█ In *Clifton v. Clifton,* 801 P.2d 693 (Okla.1990), we held that, in the ab-

sence of fraud, a property settlement award, as opposed to an award for support alimony, cannot be modified in a post-decretal hearing. Unlike the spouse in *Clifton,* the wife here was awarded support alimony at the time of the divorce.[2] However, the motion to modify the divorce decree to include the military retirement pay as jointly acquired property was not filed until two years after the payments of alimony as support were scheduled to end. The trial court found the pension was marital property subject to division. Because the wife does not assert that the military retirement benefits were not divided because they were fraudulently concealed by the husband, *Clifton* controls. The *Barth* decree is not modifiable to divide the husband's military retirement pay as jointly acquired property.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED, TRIAL COURT REVERSED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and SIMMS JJ., concur.

LAVENDER and SUMMERS, JJ., dissent.

ALMA WILSON, J., dissenting:

I dissent for the reasons stated in my dissent to *Clifton v. Clifton,* 801 P.2d 693, 698 (Okla.1990).

DOOLIN, J., not participating.

---

2. At the time of the divorce, our decision in *Baker v. Baker,* 546 P.2d 1325–26 (Okla.1975) precluded division of the military retirement pension as property. However, the pension could be considered as earnings in determining the amount of alimony for support.