Robert J. ROBILLARD, Plaintiff–Appellant and Counter–Appellee,

v.

Laneta C. ROBILLARD, Defendant–Appellee and Counter–Appellant.

No. 73,520.

Supreme Court of Oklahoma.

May 4, 1993.

John M. Stuart, Stuart & Frieda, P.C., Duncan, for plaintiff-appellant/counter-appellee.

Arthur R. South, Lawton, and Paul G. Smith, Norman, for defendant-appellee/counter-appellant.

OPALA, Justice.

The narrow issue presented for decision today is whether a divorce decree rendered before the adoption of 12 O.S.Supp.1987 § 1289(F) [1] may be reopened for post-decree property division readjustment to be rested upon *an after-enacted spousal right to reach military retirement pension income* that was *not* legally divisible at the time of the parties' marriage dissolution. We answer in the negative.

## I

### THE ANATOMY OF LITIGATION

The appellant, Robert J. Robillard [husband], and appellee, Laneta C. Robillard [wife], were married on October 4, 1964. The parties' February 8, 1982 divorce decree divides all their spousal assets.[2] Although the husband, who had retired from the service *before* the divorce, was already drawing his military pension at the time of the parties' marriage dissolution, the decree made no mention of those benefits.[3]

The wife's April 21, 1989 postdecree motion sought a distributive share of the husband's military retirement benefits. She argued that, although the law in force when the parties' divorce was rendered prohibited the military retirement pay's division, Congress later passed the Uniformed Services Former Spouses' Protection Act [USFSPA or Act],[4] and the Oklahoma Leg-

---

1. The terms of 12 O.S.Supp.1987 § 1289(F) (effective June 3, 1987), renumbered as 43 O.S.Supp.1989 § 134(F) (*now* 43 O.S.1991 § 134(F)), provide:
   "Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–252), the provisions of subsection E [*infra* note 13] of this section shall have *retrospective and prospective application* with regards to modifications for the purpose of obtaining support or payments pertaining to a division of property on divorce decrees which become final after June 26, 1981." (Emphasis added.)
   Before the 1987 amendment of § 1289 the text of § 1289(F) was included as a part of 12 O.S.Supp.1985 § 1289(E).

2. The decree was based on an agreed settlement approved by the court.

3. In dispute between the parties is whether the military retirement benefits were mentioned during settlement discussions.

4. 10 U.S.C.A. § 1408 (1983). Section 1408(c)(1) (effective February 1, 1983) provides in pertinent part:
   "[A] court may treat disposable, retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, *either as* property solely of the member *or* as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*" (Emphasis added.)

Congress enacted USFSPA in response to *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* held that armed services' retirement income was to be treated in dissolution proceedings as the military spouse's separate asset. Prior to *McCarty,* each state had applied its own law to govern divorce-related interspousal division of military retirement benefits. USFSPA's intention was to reinstate the authority to apply the state law in effect before *McCarty.* On November 5, 1990, Congress made its intentions clear by amending USFSPA to protect pre-*McCarty* divorce decrees from being reopened. (PL 101–510). The amendment provides in pertinent part:
"Sec. 555. AMENDMENTS TO THE UNIFORMED SERVICES FORMER SPOUSES' PROTECTION ACT
(a) PROHIBITION OF CERTAIN RETROACTIVE COURT ORDERS.—Subsection (c)(1) of section 1408 of title 10, United States Code, is amended by adding at the end of the following new sentence: 'A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse *if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981,*

islature adopted the terms of 12 O.S.Supp. 1987 § 1289(F).[5] According to the wife, as a result of those enactments she is entitled to retroactive modification of the parties' decree which would include an equitable distribution of her husband's military retirement pension.

The trial judge (1) held that the terms of 12 O.S.Supp.1987 § 1289(F) authorize retrospective modification of the decree's property division to include military retirement benefits as a spousal asset and (2) awarded the wife 40% of the husband's future retirement pay. Because in the original property division the wife had received approximately $40,000 more than the husband, the court allowed the latter spouse a setoff in that amount. The husband appeals from postdecree modification of property division; the wife counter-appeals to challenge the setoff.

## II

### THE WIFE'S QUEST TO REOPEN THE DIVORCE CASE FOR REDISTRIBUTION OF SPOUSAL ASSETS—THE *CLIFTON*[6] BAR TO POSTDECREE PROPERTY DIVISION AWARDS

*Clifton v. Clifton*[7] teaches that 12 O.S.Supp.1987 § 1289(F)[8] bars property di-

vision readjustment to be rested on an after-enacted spousal right to reach military retirement benefits that were not legally divisible at the time of the parties' marriage dissolution.[9] *Clifton* cautions that permitting readjustment of *property division awards* under § 1289(F) would lead to an irreconcilable conflict between that section's terms and those of subsection (A)[10] which unequivocally *proscribes* property division modification.

In short, *Clifton* concludes that the language in § 1289(F) which authorizes the reopening of divorce decrees addresses itself *solely* to certain *support alimony* modification.[11] Its teaching is bottomed on subsection (F)[12] which refers to subsection (E).[13] Subsection (E) authorizes (for decrees rendered after its effective date) retroactive modification of *support obligations* upon proof of changed circumstances that affect either the *need for* or the *ability to provide* support.[14] *Property division awards must hence stand inviolate except when the decree is subject to*

and (B) *did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.'* " (Emphasis added.)

5. For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 1.

6. *See Clifton, infra* note 7.

7. Okl., 801 P.2d 693 (1990).

8. For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 1.

9. *Clifton, supra* note 7 at 697.

10. The terms of 12 O.S.Supp.1987 § 1289(A), recodified as 43 O.S.Supp.1989 § 134(A), provide:
    "In any divorce decree which provides for periodic alimony payments, the court shall plainly state, at the time of entering the original decree, the dollar amount of all or a portion of each payment which is designated as support and the dollar amount of all or a portion of the payment which is a payment pertaining to a division of property. The court shall specify in the decree that the payments pertaining to a division of property

shall continue until completed. *Payments pertaining to a division of property are irrevocable and not subject to subsequent modification by the court making the award.*" (Emphasis added.)

11. *Clifton, supra* note 7 at 696.

12. For the text of 12 O.S.Supp.1987 § 1289(F), *see supra* note 1.

13. The terms of 12 O.S.Supp.1987 § 1289(E), renumbered as 43 O.S.Supp.1989 § 134(E) (*now* 43 O.S.1991 § 134(E)), are:
    "Except as otherwise provided in subsection D of this section, the provisions of any divorce decree pertaining *to the payment of alimony as support may be modified upon proof of changed circumstances* relating *to the need for support or ability to support* which are substantial and continuing so as to make the terms of the decree *unreasonable to either party*. Only those installments accruing subsequent to the motion for modification may be modified." (Emphasis added.)
    Section 1289(E) became effective November 1, 1983 and was amended in 1985 and 1987.

14. 12 O.S.Supp.1987 § 1289(E). For its terms, *see supra* note 13. *Support alimony awards*

*vacation in a manner authorized by statute.*[15]

Following the authority and rationale of *Clifton*, we hold today that the property-division provisions of the parties' 1982 divorce decree may *not* be retroactively modified in a postdecree proceeding. The effect of the *Clifton* bar makes it unnecessary for us to discuss the wife's counter-appeal that challenges the ordered setoff.

**THE TRIAL COURT'S POSTDECREE ORDER IS REVERSED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., dissents.

ALMA WILSON, Justice, dissenting:

I dissent for the reasons stated in my dissent to *Clifton v. Clifton*, 801 P.2d 693, 698 (Okla.1990).

*rendered before § 1289(E) became effective on November 1, 1983 are not subject to modification.* Messenger v. Messenger, *Okl., 827 P.2d 865, 870 (1992).*

**15.** The terms of 12 O.S.1981 § 1279, renumbered as 43 O.S.Supp.1989 § 122 (*now* 43 O.S.1991 § 122) provide:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and *shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud* shall have been committed by or on behalf of the successful party." (Emphasis added.)