Dear Senate, Bill Gustafson,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following questions:
In 1933, the Oklahoma Legislature enacted a bill whichprovided, as to certain property, that "the use [of the describedproperty] is turned over to the State Game and Fish Commissionand said commission is authorized and empowered to use saidproperty as a propagating farm."
 If the Commission, which is now the Wildlife ConservationCommission, ceases to use the property as a propagating farm,what is the status of the property?
 1. May the Commission use the property for other purposes?
 2. May the Commission lease or sell the property to some otherentity?
 3. Does control of the property revert to some other agency?
¶ 1 By legislative enactment, the State Game and Fish Commission, now the Wildlife Conservation Commission (the "Commission"),[1] was given the use of certain property in Canadian County, and was authorized to use the property for a propagating farm. Since the Commission is no longer operating a propagating farm on the land, the question has arisen as to what may be done with the property.
¶ 2 The statutory language used by the Legislature is as follows:
 That the use of the following described property, to-wit: [description] together with all incorporeal hereditament and appurtenances thereunto belonging, is turned over to the State Game and Fish Commission and said commission is authorized and empowered to use said property as a propagating farm.
1933 Okla. Sess. Laws ch. 8, 1.
¶ 3 In the above-quoted statute the Legislature "turned over" the "use" of the property to the Commission. Along with turning over the use of the property, the Legislature "authorized and empowered" the Commission to use the property as a propagating farm.
¶ 4 In construing a statute, the goal is to determine the intent of the Legislature. Clifton v. Clifton, 801 P.2d 693,696 (Okla. 1990). The title of an act is a proper guide of statutory construction in determining legislative intent.Independent School District No. 89 v. Oklahoma City Federationof Teachers, Local 2309, 612 P.2d 719 (Okla. 1980); Phillips v.Oklahoma Tax Commission, 577 P.2d 1278 (Okla. 1978).
¶ 5 The statutory language expresses the intent that the use of the property be turned over to the Commission. The Legislature's purpose is summed up well in the title to the statute in question, which reads: "AN ACT setting aside to the State Game and Fish Commission certain property in Canadian County owned by the State for use by said Commission as a Propagating Farm,
and declaring an emergency." 1933 Okla. Sess. Laws ch. 8, 1
(emphasis added). "The presumption is that the Legislature expressed its intent in a statute and that it intended what it expressed." 612 P.2d at 723 (citation omitted). Thus, the Legislature expressed its intent, and the next step is to determine the effect of the legislative action on the present status of the property as presented in your question.
¶ 6 The statute is not a deed or conveyance which imparts the fee title, lacking words of conveyance sufficient to create an estate in the Commission. Gray v. Stillman, 365 P.2d 369, 372
(Okla. 1961). While the title to the statute indicates the property is set aside for use as a propagating farm, it is not restricted to that use alone. There is no language of limitation or condition in the title nor in the statute. Neither is there any provision for reversion to the State or to any other agency if the property ceases to be used as a propagating farm. Nevertheless, the Legislature may terminate the use of the property by the Commission for any reason. In so doing, the Legislature may provide for an alternative use of the property or for its disposal. Under Article V, 36 "the Legislature has the authority to determine when it is in the best interest of the State of Oklahoma to dispose of any property which it owns." A.G.Opin. 73-260, p. 227.
¶ 7 The Commission has the power to "[a]cquire by purchase, lease, gift, or devise . . . real property . . . incident to the exercise of its functions and to . . . dispose of the same[.]"29 O.S. 3-103(B)(6) (1995). In the present case, the Commission did not acquire the real property by any of the methods listed. It acquired only the statutory right to its use which, although an interest in the land, does not amount to the kind of acquisition contemplated in Section 29 O.S. 3-103(B)(6). Thus, the Commission has no authority to dispose of the land in question. It is not prohibited from using the land for some other purpose.
¶ 8 The Commission is entitled to terminate its use of the property upon notice to the State. Such notice should be given to the Department of Central Services pursuant to 74 O.S. 129.4
(1991). Upon notice, control of the property passes to the Department of Central Services which then deals with the property pursuant to its statutory authority. 74 O.S. 96/74 O.S.129.4 and 74 O.S. 63 (1995).
¶ 9 In summary, the Commission has been given the right to use the subject property for an undefined period of time. It does not own the property. The use of the property is not conditioned on having a propagating farm there, although that was the original intent for its use. The property is not subject to a reversionary interest. Accordingly, the options given to the Commission to deal with the property are governed by the operative law within those parameters.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The statute which turned over to the State Game and FishCommission, now the Wildlife Conservation Commission, the use ofcertain property in Canadian County, authorized and empowered theCommission to use the property for a propagating farm; it did notrequire the Commission to do so.
 If the Commission ceases to use the property as a propagatingfarm:
 1. The Commission is not prohibited from using the propertyfor other purposes.
 2. The Commission may not lease or sell the property to someother entity, even though the Commission has authority to disposeof real property under the conditions set forth in 29 O.S.3-103(B)(6) (1995), because it has not acquired the property ascontemplated therein, possessing only the statutory right to itsuse for an indefinite period of time.
 3. The property does not revert to some other agency. TheCommission may request the Department of Central Services todispose of the property as provided in 74 O.S. 129.4 (1991).Upon notice to the Department of Central Services that theproperty is no longer needed, the property comes under thecontrol of the Department of Central Services pursuant to 74O.S. 63 (1995), and subject to 74 O.S. 96 and 74 O.S.129.4 (1991), unless otherwise provided by law.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] The State Game and Fish Commission was created by 1929 Okla. Sess. ch. 27, 1. The Wildlife Conservation Commission became the legal successor to all the powers, duties and authority formerly vested in the State Game and Fish Commission, by virtue of 29 O.S. 127 (1959).